IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


VERSACE POOH LAGRECA                                                    PLAINTIFF


v.                            Civil No. 1:24-cv-01002-BAB


LIEUTENANT JEDIDIAH L. COTTON; and
LIEUTENANT ASHLEY RUSSELL                                               DEFENDANTS


## MEMORANDUM OPINION AND JUDGMENT


This is a civil rights action filed *pro* se by Plaintiff, Versace Pooh Lagreca, under 42 U.S.C.

§ 1983.  On July 1, 2024, the parties consented to have the undersigned conduct all proceedings in

this case including a jury or nonjury trial and to order the entry of a final judgment in accordance

with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  (ECF No. 32).  Currently before the Court are: (1)

Plaintiff's Motion for Partial Summary Judgment, (ECF No. 36); and (2) Defendants' Motion for

Summary Judgment, (ECF No. 45).  Defendants responded to Plaintiff's Motion for Summary

Judgment.  (ECF Nos. 41, 42).  Plaintiff responded to Defendants' Motion for Summary Judgment.

(ECF Nos. 53, 54).  Both Motions are now ripe for consideration.

### I.    PROCEDURAL BACKROUND

All the events complained of by Plaintiff in his Complaint took place while he was

incarcerated in the Union County Detention Center ("UCDC") in El Dorado, Arkansas in

December 2023.  (ECF No. 1).  Plaintiff indicates in his Complaint he was incarcerated in the

UCDC for a parole violation and also awaiting trial on new charges.  *Id.* at 4.  In his Complaint,

Plaintiff names two Defendants: (1) Lt. Jedidiah L. Cotton, and (2) Lt. Ashley Russel.  Both Defendants were employees of the UCDC at the time in issue.  (ECF No. 1, pp. 2-3).  Plaintiff labels only one claim against the Defendants, however, in substances he alleges two separate constitutional claims against each Defendants: (1) that his equal protection rights were violated; and (2) that his due process rights were violated both regarding a disciplinary violation and punishment he received after breaking a UCDC tablet in December 2023.  (ECF No. 1).

Specifically, Plaintiff claims Defendant Cotton violated his constitutional rights in the following way:

> … he violated my clearly established rights due to he made false, unofficial and misleading statements against me.  Therefore the Union County Detention Center Rule Violation Report and Jail Incident Report, Defendant Cotton acts or omissions he submitted false or misleading official statements.  He knowingly gave or filed misleading official statements or false violation and incident reports, including disciplinary charges against me, which alleged facts, which he knew wasn't true, or failed to state the full facts, date and time, deliberately intending to mislead the hearing officer in an attempt to receive the cost imposed for property damage.  Through the disciplinary process in the rule violation report he alleged Rule 15 were violated on 12/4/2023 at 1130 hours . . ..  He made false accusations including false reports of unofficial statements directed at me, writing a false disciplinary report and making false accusations or unofficial statements false accusing me of an incident that never occurred on 12/04/2023 at 1130 hours, but on 12/04/2023 after 1230 hours.

(ECF No. 1, p. 11) (errors in original).

Plaintiff then alleges Defendant Russell violated his Fourteenth Amendment Due Process and Equal Protection rights as well as his rights under Detainee Policy #4 on December 6, 2023, through his disciplinary hearing.  Plaintiff alleges Defendant Russell came to his cell door on December 6, 2023, and notified him of Defendant Cotton's rule violation report against him for destroying a jail tablet on December 4, 2023.  (ECF No. 1, p. 13).  Plaintiff claims the subject jail incident report was dated December 5, 2023, the Rule Violation report was dated December 6, 2023, and the hearing date was December 6, 2023.  *Id.*  Plaintiff claims this violated: (1) his right

to twenty-four-hour notice for a rule infraction; (2) his right to be served with a copy of his disciplinary paperwork; and (3) his right to an opportunity to call witnesses and present evidence at the disciplinary hearing. *Id.* Plaintiff also claims he was entitled to a copy of the decision made at the hearing. *Id.*

> For his official capacity claim Plaintiff states:
>
> As a Detainee at Union County Detention Center under the guidelines of the UCSO Jail System Detainee Handbook Policy and procedures I were given clearly established Detainee Disciplinary Rights in accordance with UCSO detainee Policy #4 Disciplinary rules and Detainee Disciplinary Rights #19, specifically under subsections 13-19. However, my constitutionally adequate detainee disciplinary rights were clearly established by UCSO and my due process rights and equal protection of law rights were clearly established under the 14th Amendment of the Due Process Clause and 14th Amendment Equal Protection of Law Clause of the United States Constitution are the policy that caused the violation of my constitutional rights and Defendant Russell's acts or omissions of not giving me a written copy of the disciplinary report within 24 hours before the hearing violated UCSO detainee policy #14 and the constitution.

(ECF No. 1, pp. 5, 15) (errors in original).

For relief Plaintiff requests compensatory and punitive damages as well as injunctive relief in the form of a lien release from his inmate account. (ECF No. 1, p. 16).

Plaintiff filed his partial Motion for Summary Judgment and supporting documents on October 3, 2024. (ECF No. 36, 37, 38). In his Brief, Plaintiff argues: Defendant Russell denied him twenty-four hour notice of his disciplinary hearing and this denial violated his due process rights pursuant to the Fourteenth Amendment. (ECF No. 37). Plaintiff does not seek summary judgment related to Defendant Cotton. *Id.*

Defendants filed a Response to Plaintiff's Motion for Partial Summary Judgment on October 3, 2024. (ECF No. 41). In their Response, Defendants argue: (1) it was not Defendant Russell's responsibility to provide Plaintiff with twenty-four hour notice; (2) Plaintiff has failed to state a viable due process violation because no atypical and significant hardship such as loss of a

liberty interest has been stated; and (3) to the extent Plaintiff's claims are challenging his disciplinary conviction or punishment such claims are barred by *Heck v. Humphrey. Id.*

On January 7, 2025, Defendants filed a Motion for Summary Judgment and supporting documents. (ECF No. 45, 46, 47). Defendants argue they are entitled to summary judgment on all of Plaintiff's claims because: (1) there are no disputes of material facts in this case; (2) Plaintiff has failed to demonstrate any liberty interest was denied thus due process is not implicated; (3) Defendants had no personal involvement in denying Plaintiff twenty-four-hour notice; (4) to the extent Plaintiff is challenging his disciplinary conviction and punishment such claims are barred by *Heck v. Humphrey*: (5) Plaintiff's equal protection claim fails as a matter of law; (6) Defendants are entitled to qualified immunity; and (7) Plaintiff failed to state any policy or custom of Union County caused his claimed constitutional violations. (ECF No. 46).

In his Response to Defendants' Motion for Summary Judgment and supporting documents Plaintiff argues: (1) he was entitled to twenty-four-hour notice pursuant to UCDC policy but did not receive it violating his due process rights; (2) it was Defendant Russell's job to provide Plaintiff with such notice; (3) Plaintiff has a constitutional liberty interest in receiving twenty-four hour notice of charges; (4) without this notice he was unable to prepare a defense to present at the disciplinary hearing; and (5) Plaintiff was a pretrial detainee at the time in issue and thus the "atypical and significant" standard of *Sandin v. Conners* does not apply to him. (ECF No. 53).

## II.    FACTUAL BACKGROUND

There are no material facts in dispute on this record.[1] Plaintiff admitted in his deposition that he got aggravated and threw a UCDC tablet against the wall in his cell and broke it on

---

[1] The only fact disputed is whether Plaintiff was a pretrial detainee or a convicted inmate on the date in question. This fact, as explained below, is immaterial as the Court need not reach an analysis of Plaintiff's due process rights.

December 4, 2023 between 12:00 and 12:30pm. (ECF Nos. 47-1, p. 9, 10, 11, 17). Defendant Cotton then issued a Rule Violation Report and Jail Incident Report on the incident but completed the forms with an incorrect time and Rule reference. (ECF Nos. 38, p. 3; 41-1, p. 2; 41-1, p. 4-5). Specifically, Defendant Cotton stated on the form that the incident occurred at "1130hrs" when the parties agree the incident occurred around 1230hrs. (ECF No. 47-1, p. 12). Further, Defendant Cotton references property destruction as the rule violation but wrote Rule 14 on the form. Rule 14 is related to malingering and not property destruction. (ECF No. 47-1, p. 13-14).

On December 6, 2023, Defendant Russel came to Plaintiff's cell to conduct a disciplinary hearing on the above referenced rule violation report. (ECF Nos. 38, p. 3; 41-2; ). This interaction and the hearing were captured on Defendant Russell's body camera. (ECF No. 43). Defendant Russel did not read the full Rule Violation Report out loud to Plaintiff, but she did tell him the charges (destruction of a tablet) and asked how he would like to plead. Plaintiff immediately plead guilty with no questions or objections. She then explained Plaintiff would be required to pay to replace the tablet, and requested he sign the hearing documents. Plaintiff did so without objection. (ECF No. 43). Plaintiff's tablet privileges were also suspended for ten days. (ECF No. 38, p. 3). Plaintiff was not provided twenty-four hour notice of this hearing by either Defendant. (ECF Nos. 1, 41-2; ).

Plaintiff filed a grievance on December 7, 2023, as an appeal to the subject disciplinary actions. (ECF No. 38, p. 7). He stated:

> I am using this appeal form to invoke my detainee disciplinary rights arising from [Defendants Cotton and Russell] . . . violating my detainee disciplinary rights that's clearly established under detainee policy #4 – detainee disciplinary rights 19 in the jail incident report [Defendant Cotton] alleged I violated rule #14 property destruction; however, under detainee policy #4, rule 14 is malinger[ing] and this incident occurred after my 1230 hours visit and not 1130 hours. [Defendant Russell] violated my detainee right 19 due to she held a hearing on me before [I] was served. [I] never received my 24 hours written notice prior to the 12/06/2023 hearing. [Defendant Russell] . . . held the hearing then served me

a written copy after they found me guilty. The entirety of the incidents [was] captured on f-pods dayroom camera, ctc tablet software, and [Defendants Cotton and Russell's] department issued body worn cameras.

(ECF No. 38, p. 7) (errors in original). Plaintiff's appeal was denied by Chief Phillips on December 10, 2023, and Defendant Cotton supplemented the Rules Violation Report and Jail Incident Report to reflect the correct time the incident occurred on . (ECF Nos. 41-1, pp. 6-7; 41-1, p. 4).

Plaintiff was already housed in administrative housing when the original incident occurred on December 4, 2023. (ECF No. 47-1, p. 9). So, his housing status did not change as a result of the disciplinary proceeding. *Id.* Plaintiff was transferred from the UCDC to the Arkansas Division of Correction on December 13, 2023, and he never paid for the destroyed tablet. (ECF No. 47-1, p. 26).

## III.    LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607. "A case founded

on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. at 610. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Under § 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.* Personal capacity claims "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense" to these individual capacity claims. *Id.* To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

## IV.    DISCUSSION

As an initial matter the Court notes it need not take the facts in the light most favorable to any party herein because the material facts are undisputed.

Plaintiff's claims for monetary damages based on the effects of his disciplinary charge conviction are barred by the *Heck* doctrine.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  The *Heck* Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.  However, that is not the case here.

Additionally, the *Heck* doctrine applies to inmate disciplinary proceedings such as those challenged by Plaintiff here.  *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002).  Any challenge to the effect of the disciplinary sanction on the award or revocation of good-time credit is also barred, as the credit will ultimately change the duration of the sentence served.  *Id.*  Thus, *Heck* requires favorable termination of the disciplinary charge "in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release."  *Sheldon v. Hundley*, 83 231, 233 (8th Cir. 1996); *Cincoski v. Richard*, 418 Fed App'x 571, 571-72 (8th Cir. 2011) (Plaintiff's claims regarding his disciplinary convictions, including restoration of good-time credits, declaratory relief, and damages based on those convictions were *Heck*-barred.)

As long as the validity or the duration of the sentence is not implicated by the challenge, however, an inmate may bring a procedural due process challenge for prospective injunctive relief concerning the constitutionality of the prison disciplinary proceedings.  *Muhammad v. Close*, 540

U.S. 749, (2004); *Wolff v. McDonnell*, 418 U.S. 539 (1974); see. e.g. *Cooper v. Schriro*, 189 F.3d 781, 784 (8th Cir. 1999) (assuming the defendant had standing to do so, a claim for injunctive relief to enjoin defendants from conducting future hearings which lacked due process could survive for further review because "such relief would not call into question the underlying punishment").

Here, Plaintiff seeks monetary damages for the effects of his disciplinary charge conviction on his inmate account and "privileges." (ECF No. 1, p. 16). Because he does not allege that his disciplinary conviction was reversed or otherwise favorably terminated, and there is no evidence on the summary judgment record to indicate such reversal, his claims for monetary damages are *Heck*-barred. Plaintiff also alleges a possible due process claim with his statement that he did not receive notice of his disciplinary hearing. Because success on this claim would also challenge the validity of his conviction, this claim is also *Heck*-barred. *See e.g. Edwards*, 520 U.S. at 648 (inmate's claim for declaratory and money damages based on allegations of deceit and bias on the part of the hearing officer are not cognizable under § 1983 because they would imply the invalidity of the punishment.)

Finally, Plaintiff's claim for injunctive relief is also barred by *Heck* as it is not of the prospective type addressed in *Cooper*. Plaintiff does not seek to ensure his future due process rights are recognized by Defendants. Plaintiff is no longer incarcerated in Union County and subject to these Defendants. Instead, he wants to remedy the punishment he received from his disciplinary conviction by releasing the lien of charges for the destroyed tablet on his inmate account. This claim is barred by *Heck* because it would require invalidating his disciplinary conviction and sentence. *See Cooper*, 189 F.3d at 784; *Edwards*, 520 U.S. at 646-48.

## V.    CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 45 ) is hereby **GRANTED**, and the Plaintiff's partial Motion for Summary Judgment is hereby **DENIED.** Plaintiff's Complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED** this 21st day of May 2025.

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE